FILED
United States Court of Appeals
Tenth Circuit

September 29, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENST CIRCUIT

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAROY GENE BUTTERFIELD,

Defendant - Appellant.

No. 09-4233

(D. Utah)

(D.C. No. 2:08-CR-00409-CW-2)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Laroy Gene Butterfield pled guilty to two counts of violating the Hobbs Act—Interference with Commerce by Threat or Violence—in violation of 18 U.S.C. § 1951(a). He was sentenced to 84 months'

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. Mr. Butterfield filed a timely notice of appeal, and his federal public defender, Steven Killpack, has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), moving to withdraw as counsel on the ground that there is no nonfrivolous basis for an appeal. For the reasons set forth below, we agree with Mr. Killpack that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

On June 2, 2008, police officers responded to a robbery at a Subway restaurant in Taylorsville, Utah. Store employees reported that two males, later identified as Mr. Butterfield and his co-defendant, Lloyd Pace, came into the restaurant and demanded money. Mr. Pace displayed a silver handgun that he had tucked into the waistband of his pants. After Mr. Pace received $27.00, both men left the restaurant.

Later that same day, police officers responded to a robbery at a Little Caesar's restaurant in Taylorsville, Utah. An employee reported that two males, later identified as Mr. Butterfield and Mr. Pace, came into the restaurant and demanded money. The employee stated that she was helping another customer and went to the register to get some change when the first suspect (later identified as Mr. Pace), who was waiting calmly, leaned on the counter and told her to "give

me the money." When the employee responded by shutting the register drawer, Mr. Pace pulled up his shirt and exposed two silver handguns tucked into the waistband of his pants. The two men took $300.00 and left the scene in a car driven by a third individual.

As indicated, Mr. Butterfield pled guilty to two counts of violating the Hobbs Act. In preparation for sentencing under the advisory United States Sentencing Commission Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a total base offense level of 22 which, with a criminal history category VI, yielded an advisory guideline range of 84 to 105 months. Mr. Butterfield requested that the court depart or vary downward from that range.

The district court denied Mr. Butterfield's request for a sentence below the guideline range and sentenced him to 84 months' imprisonment, which was the low end of the sentencing range. The court stated that the 84-month sentence adequately reflected Mr. Butterfield's lesser role in the crimes because his co-defendant, Mr. Pace, received a 100-month sentence. This appeal followed.

**DISCUSSION**

In Anders, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, 386

U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." Id. The defendant may then "raise any points that he chooses." Id.

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. Id. "If it so finds, it may grant counsel's request to withdraw and dismiss the appeal." Id. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.; see also United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).

In this case, Mr. Butterfield has not filed any materials in response to his counsel's Anders brief, and the government has declined to file a brief. Accordingly, we base our decision on counsel's brief and our own careful review of the record.

Mr. Butterfield's counsel suggests the only conceivable basis for an appeal would be to challenge the reasonableness of the 84-month sentence and the district court's refusal to sentence below that. Following United States v. Booker, 543 U.S. 220 (2005), and the cases derived therefrom, we review all sentences for reasonableness under a deferential abuse of discretion standard. See Rita v. United States, 551 U.S. 338, 351 (2007); see also United States v. Smart, 518 F.3d 800, 805 (10th Cir. 2008) ("[W]e now review all sentences—whether inside,

just outside, or significantly outside the Guideline range—under a deferential abuse-of-discretion standard."). Reasonableness has two parts: procedural reasonableness and substantive reasonableness. Mr. Butterfield's argument appears to address only the substantive reasonableness of his sentence.

"A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir.), cert. denied, 129 S. Ct. 428 (2008). "Sentences imposed within the correctly calculated Guidelines range . . . may be presumed reasonable on appeal." Id. Mr. Butterfield can rebut that presumption by demonstrating that the 18 U.S.C. § 3553(a) factors justify a lower sentence. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

Mr. Butterfield's counsel suggests that a sentence lower than 84 months would have been justified because Mr. Butterfield had a lesser role in the crimes, he has a long history of drug addiction, and he has strong and committed family support.

### I. Lesser role in offense:

Counsel argues that Mr. Butterfield played a much smaller role in the two robberies, as compared to his co-defendant Mr. Pace, who brandished the weapons, demanded and took the money, and threatened the victims. Counsel

says Mr. Butterfield acted simply as a look-out.  Given that one of the § 3553(a) factors a district court must consider in selecting a sentence is the nature and circumstances of the offense, Mr. Butterfield's lesser role could support a lesser sentence.

Counsel also argues that the guidelines themselves permit a reduction in a defendant's offense level depending on the defendant's role in the offense.  See USSG § 3B1.2.  Under that guideline section, a defendant may receive a four- or three- or two-level reduction in his offense level, depending on his degree of participation in the criminal activity.  This issue was not, however, raised below. The PSR made no recommendation concerning an adjustment in Mr. Butterfield's offense level for his role in the offense, and neither party objected to the PSR. Accordingly, this issue has been waived as a ground for an appeal.[1]

Counsel therefore suggests that a two- or three-level reduction would have been appropriate, which would have reduced Mr. Butterfield's advisory sentencing guidelines range.  The problem with this argument is that the district court *did*, in fact, take into account Mr. Butterfield's lesser role when it sentenced him to 84 months, while it sentenced Mr. Pace to 100 months.  The court stated it "appreciate[d] the distinction between Mr. Pace and Mr. Butterfield in terms of the commission of the crime, but Mr. Pace did get 100 months compared to the 84

---

[1]In fact, both parties specifically stated at the sentencing hearing that they had no objection to the way the guidelines range was calculated.

months that I am imposing . . . in this case." Tr. of Sentencing at 11, R. Vol. 3 at 15. Given our deferential review standard, we could not say that Mr. Butterfield has rebutted his presumptively reasonable sentence. This argument is not a nonfrivolous basis for an appeal.

### II. Drug addiction:

Mr. Butterfield's counsel states that Mr. Butterfield has battled a nearly life-long addiction to drugs, commencing when he was thirteen years old. A prior attempt to redress his addiction failed. The district court noted Mr. Butterfield's need for serious substance abuse treatment. Further, a longer sentence may be more appropriate given his need for a thorough and comprehensive drug treatment, which he can receive in prison. Again, given our deferential standard of review, we could not conclude that Mr. Butterfield's sentence is unreasonable. Accordingly, this argument is no basis for an appeal.

### III. Stable and supportive family:

Finally, Mr. Butterfield's counsel argues that the fact that Mr. Butterfield has a close and supportive relationship with his girlfriend and her family supports a lesser sentence. Once again, given the district court's wide discretion in determining an appropriate sentence, and the court's familiarity with Mr.

Butterfield's circumstances, this factor alone could not command a lesser sentence. This argument, too, is not a nonfrivolous basis for an appeal.

## CONCLUSION

We have carefully reviewed the record in this case and read counsel's brief. We agree with counsel that there is no meritorious basis for Mr. Butterfield's appeal of his sentence. We therefore GRANT his counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge
